UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOSEPH C. BRANCATO, on behalf of himself and all :
others similarly situated, :
    :
    :
    :
                               Plaintiff(s),    :   No. 14 Civ. 3793 (RA)(JLC)
    :
         -v-    :   CASE MANAGEMENT PLAN
    :   AND SCHEDULING ORDER
  VERIZON NEW YORK, INC.    :
    :
                               Defendant(s).   :
    X
-------------------------------------------------------------

JAMES L. COTT, United States Magistrate Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

    1. Date of the conference:    October 31, 2014.

    *Attorneys for Plaintiff:*
    Kelly A. Magnuson, Esq.
    Michael J. Palitz, Esq.
    Borrelli & Associates, P.L.L.C.
    655 Third Avenue, Suite 1821
    New York, New York 10017
    Tel. (212) 679-5000

    *Attorney for Defendant:*
    Matthew W. Lampe, Esq.
    Kristina A. Yost, Esq.
    Jones Day
    222 East 41st Street
    New York, NY 10017-6727
    Tel: (212)-326-8383

    2. A brief description of the nature of the action and the principle defenses thereto:

    <u>Plaintiff's Description</u>

    Plaintiff is a Local Manager working for Defendant Verizon New York, Inc. in the Construction Division. Plaintiff claims that Verizon violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay him overtime pay for all hours worked in

excess of forty in a workweek. It is Plaintiff's position that the Defendant has improperly classified him and other Local Managers as exempt employees and that they are entitled to overtime.

Defendant's Description

Plaintiff is a current employee who has held the job title of Local Manager – I&M/Construction since October 17, 2010. From October 17, 2010 to present, the two named plaintiffs in *Haas, et al. v. Verizon New York, Inc*., 13-cv-8130 (RA)(JLC), have held the same job title. The parties are meeting and conferring over the relationship between the two cases.

Defendant contends that Plaintiff's wage-hour claims and the claims of those he seeks to represent fail on their merits because such individuals were and are properly classified as exempt from statutory overtime payment requirements. Defendant further contends that certification of this case as a collective and/or class action would be inappropriate because Plaintiff cannot satisfy the prerequisites to certification.

3. Proposed schedule:

The parties believe that the discovery in this case should proceed in phases due to the FLSA collective action and NYLL class action claims. The first phase of discovery will address FLSA conditional certification issues and discovery related to Plaintiff's individual overtime claims and Defendant's exemption defenses to such individual claims. The second phase of discovery will address Rule 23 class certification issues, the merits of Plaintiff's remaining claims, remaining liability issues, willfulness under the FLSA and NYLL, damages, FLSA final certification/decertification issues (*i.e*., whether the case can proceed to trial as a collective action), expert witness disclosures and discovery (if any), and trial issues. The parties have agreed that they will conduct a second Rule 26(f) conference to negotiate second-phase discovery and a schedule for the second phase of the case within fourteen days after the Court's ruling(s) on first-phase motion(s) or, if Plaintiffs' FLSA conditional certification motion is granted, within fourteen days after the conclusion of any opt-in period. Within seven days after the second Rule 26(f) conference, the parties will submit a second-phase proposed scheduling order.

    a. the deadline by which the parties may move to amend the pleadings or join any other parties: February 28, 2015. This provision does not apply to individuals who may join this action as putative collective action members.

    b. dates for document requests and initial interrogatories: January 9, 2015.

    c. the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place: N/A for first-phase discovery.

    d. a date by which all non-expert discovery relating to first-phase matters shall be completed: May 29, 2015.

    e. dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made: N/A for first-phase discovery.

  f. the date by which depositions of experts shall be completed: N/A for first-phase discovery.

  g. the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the undersigned: N/A for first-phase, except as specified below.

    Plaintiff wishes to file a motion for "conditional certification" under the FLSA to permit a court-ordered notice of pendency to be sent to putative collective action members.   Plaintiff requests that the Court set a deadline for this motion to be filed no later than thirty days after the close of first-phase discovery.   Plaintiff also may move for summary judgment.

    Defendant anticipates filing a summary judgment motion on some or all of Plaintiff's individual claims.   Defendant requests that the Court set a deadline for this motion to be filed no later than thirty days after the close of first-phase discovery.

  h. date by which the parties will exchange initial disclosures:   December 30, 2014.

  4. a statement of any limitations to be placed on discovery, including any protective or confidentiality orders: The parties agree to the sum and substance of the Confidentiality Order as in *Haas, et al. v. Verizon New York, Inc.*, 13-cv-8130 (RA)(JLC) to be utilized here.

  5. a statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement: N/A.

  6. anticipated fields of expert testimony, if any: N/A for first-phase discovery.

  7. anticipated length of trial and whether, and by whom, a jury has been requested:   The parties are currently unable to anticipate the length of trial because it will depend upon whether this action proceeds to trial as a collective and/or class action, the Court's rulings on first and second phase motions, and the number and identity of individuals who "opt into" the case pursuant to 29 U.S.C. § 216(b).   Plaintiff has made a jury demand.

  8. (a) an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions:   Plaintiff is willing to participate in a settlement conference in February after some discovery has taken place. Defendant is not willing to engage in settlement discussions at this time, but may reassess its position at the close of first-phase discovery.

  (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned: Plaintiff would agree to mediation at any point in the action as considerable discovery has already taken place in the companion case of *Haas, et al. v. Verizon New York, Inc.*, 13-cv-8130 (RA)(JLC).   Defendant is not

agreeable to mediation at this time.

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

10. Signature lines for the undersigned:

*Attorneys for Plaintiff*: _____/s/ Kelly A. Magnuson_____

*Attorney for Defendant*:_____/s/ Matthew W. Lampe_____

SO ORDERED.

Dated: _____
          New York, New York

                                                    _____
                                                    James L. Cott
                                                    United States Magistrate Judge