```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 23 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH C. BRANCATO on behalf of himself and all others similarly situated,

    PLAINTIFF,

v.

VERIZON NEW YORK, INC.,

    DEFENDANT.

---

*protective order*

Case No. 14-cv-03793 (RA)

ECF CASE

WHEREAS, the undersigned Parties have agreed to, and the Court approves, the following terms governing confidential information, and IT IS HEREBY ORDERED THAT:

    1.    A party may designate as "CONFIDENTIAL" any documents, discovery responses, electronic data, deposition transcripts, exhibits or other materials produced or generated in this matter, whether by itself or by the opposing party, that it reasonably and in good faith believes contain confidential, non-public and/or proprietary information or that otherwise qualify for protection under Federal Rule of Civil Procedure 26(c). Material that may be designated as CONFIDENTIAL consists of documents and information whose disclosure would create a risk of injury that could not be avoided by less restrictive means, and includes, but is not limited to, customer information, personnel information, payroll information, and personal information of any current or former Verizon New York employee.

    2.    Designations in conformity with this Order may be made as follows:

    (a)    for information in documentary form (other than depositions or other transcripts), by stamping or labeling the first page of each such document CONFIDENTIAL or by any other reasonable means of giving notice of the party's intent to claim protected status of the material in question;

(b) for testimony or exhibits offered in a deposition or other proceeding, by notifying opposing counsel prior to, on the record during, or at the conclusion of the deposition or proceeding that the information provided in the deposition or other proceeding is considered CONFIDENTIAL and that the transcript (or portions thereof) shall be subject to the provisions of this Order; in addition, a party may reserve the right on the record during or at the conclusion of the deposition or proceeding to make CONFIDENTIAL designations up to thirty (30) days after receipt of the final transcript, and if such right is reserved in conformity herewith, the information shall be treated as CONFIDENTIAL until such designation is made or the thirty (30) day period expires (whichever occurs first); and

(c) for information or items produced in other forms, by stamping or labeling the exterior of the container(s) in which the information or item is stored CONFIDENTIAL or by any other reasonable means of providing notice of the designations.

3. Documents and information designated CONFIDENTIAL in accordance with this Order shall be used solely for the purpose of preparation, trial, and/or appeal of this action, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party to this Order; (b) the legal, clerical, paralegal, or other staff of such counsel to this action employed during the preparation for and trial and appeal of this action; (c) Plaintiff Joseph Brancato, so long as disclosure is reasonably necessary for purposes of this litigation and he agrees to comply with and be bound by the terms of this Order (but under no circumstances shall Plaintiff be shown payroll data, home address, date of birth, social security information or medical information pertaining to another employee of Defendant; (d) the principals, officers, agents and employees of Defendant whom Defendant believes in good faith have a need to review such documents or information for purposes of this litigation; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) trial witnesses and court reporters in this action; (g) deponents, but only those who had access to the documents or information independent of this litigation and only so long as the disclosure is

reasonably necessary for purposes of this litigation; and (h) the Court, Court personnel and jurors. CONFIDENTIAL documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (h) of this paragraph.

4. Any person who is to obtain access to material subject to this Order pursuant to paragraph 3(e) shall, prior to receipt of such material, (a) be informed by the party providing access to such material of the terms of this Order; and (b) agree in writing to be bound by the terms of this Order by executing the attached Agreement.

5. If counsel for a party herein shall hereafter desire to make material subject to this Order available to any person other than those referred to in paragraph 3 such counsel shall, prior to any such disclosure, designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform counsel for the opposing party of their desire. If the parties are subsequently unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 3, disclosure may be made only on such terms as the Court may order.

6. If a party objects to the designation of any document or information as CONFIDENTIAL counsel for the objecting party shall notify opposing counsel of the objection. Thereafter, the Parties shall try to resolve the matter by agreement. If the Parties' dispute regarding the objection cannot be resolved by agreement, counsel seeking to challenge the designation may do so by requesting an informal conference with the Court pursuant to Local Civil Rule 37.2 and Judge Abrams' Individual Rules and Practices in Civil Cases. If the Court denies the request for an informal conference, or the dispute has not been resolved as a consequence of such a conference, counsel seeking to challenge the designation may do so by filing a motion with this Court. The documents or information that is the subject of the confidentiality designation dispute shall remain under the protection of this Order pending the Court's decision resulting from the informal conference or, if the dispute is not resolved by informal conference, the Court's ruling on the motion.

7.  If a Non-Designating party seeks to file with this Court any documents and/or information, or any papers incorporating or revealing the contents of the documents and/or information marked as CONFIDENTIAL, the party wishing to file CONFIDENTIAL documents and/or information shall first seek agreement of the designating party to file such documents without seal. If the designating party does not agree to permit the documents to be filed with the Court without seal, then the party seeking to file such documents must make a request to the Court by letter pursuant to Section 5.A. of Judge Abrams' Individual Rules and Practices to allow the documents and/or information be filed under seal. The Designating Party shall file, by letter, any additional support for filing the CONFIDENTIAL documents under seal within 10 days after the date of the Non-Designating Party's request by letter to file papers, documents or information under seal.

8.  The provisions of this Order shall not terminate at the conclusion of this action. Within sixty days after final termination of this action, including any appeals, the parties shall destroy or return to counsel for a party that produced materials subject to this Order originals and all copies of such materials. At such time, each party must certify that the terms of this paragraph have been complied with. Notwithstanding the provisions of this paragraph, counsel are entitled to retain, for no longer than four years following final termination of the action, an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain material subject to this Order. Any such retained materials shall remain subject to the terms of this Order.

9.  Any material subject to this Order, and which is otherwise admissible, may be used at trial, provided, however, that the parties agree that they will work with the Court to identify trial procedures that will protect and maintain the non-public nature of material subject to this Order. Prior to the use at trial of material subject to this Order, all stamps, labels, or other designations placed on the material pursuant to this Order shall be removed.

10. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity that any

particular document or information is, or is not, confidential, or (b) prejudice in any way the right of any party to seek a Court determination of whether it should remain confidential and subject to the terms of this Order.

11. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

12. It is recognized by the Parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents, information or testimony may be designated erroneously as confidential, or documents, information or testimony that are entitled to confidential treatment may erroneously not be designated as confidential. The Parties to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents or other materials for which there is a change in designation.

13. Nothing in this Order shall prevent any party from using or disclosing their own documents or information, regardless of whether they are designated CONFIDENTIAL. However, if a party has disclosed documents that it has designated CONFIDENTIAL in a public filing without filing the documents under seal, the other party is relieved of the obligation to maintain the document as CONFIDENTIAL.

14. If a receiving party learns that it has disclosed, by inadvertence or otherwise, material subject to this Protective Order to any person or in any circumstance not authorized under this Protective Order, the party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the Agreement To Be Bound By Protective Order attached hereto.

15. Given that the parties have requested considerable amounts of documents and information in discovery, and to facilitate discovery and protect claims of privilege and/or work product, the following terms shall apply: The inadvertent or unintentional disclosure by

any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or not at the time of disclosure, shall not be deemed a waiver in whole or in part of the disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter.  Further, the Parties shall not assert the other party's production of documents or information in response to discovery requests in this case as grounds for claiming that the other party waived privilege or work product protection over documents or information withheld from production.  Should Privileged Material be inadvertently or unintentionally produced, the recipient shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court.  If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution pursuant to Judge Abrams' Individual Rules and Practices; pending a ruling, the recipient of the material in issue need not return or destroy it but must segregate the material from all other case and other materials and shall not use the material or disclose it.  Further, whether or not the recipient disputes the disclosing party's Demand, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect all copies.

16. Plaintiff has requested, and Defendant has agreed to produce, subject to entry of this Order, (a) the full name and (b) full current or last known home address of individuals in New York in the exempt-classified Local Manager position that Plaintiff has held from May 28, 2011 to present (hereinafter, the name and address information referred to in this

paragraph is called "Contact Information"). Plaintiff's counsel agrees to use the Contact Information solely for contacting potential class members for discovery and investigation purposes in this case; provided that counsel may respond to a particular potential class member's request for advice or request for representation so long as the response is consistent with counsel's ethical obligations and other applicable law in this area. Plaintiff's counsel shall not use the Contact Information to send out class notices in the case unless and until the Court authorizes notice of joinder rights and, in that event, only in the manner and in connection with any form of notice approved by the Court. Plaintiff's counsel shall not disclose the Contact Information to anyone other than Plaintiff (subject to the last sentence of this Paragraph), employees of Plaintiff's counsel to whom it is reasonably necessary to disclose the Contact Information for purposes of prosecuting this case in conformity with this Order, and, in the event conditional certification is granted, a claims administrator retained to assist with issuance of notice (which claims administrator shall be directed to maintain the Contact Information in confidence and disclose it to no additional parties); shall notify Defendant in writing immediately or in no event later than three days after receipt of a subpoena or order issued in other litigation that would compel disclosure of the Contact Information; and shall return the Contact Information (including all copies or reproductions) to Defendant's counsel within 60 days after the final termination of this action. Notwithstanding the foregoing, Plaintiff's counsel shall disclose to Plaintiff only the names portion of the Contact Information and shall not disclose any address information to Plaintiff.

Dated: March 17, 2015

Respectfully submitted,

/s/ Kelly A. Magnuson
Kelly A. Magnuson (KC0234)
Michael J. Palitz, Esq. (MP7883)
BORRELLI & ASSOCIATES, PLLC
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel: 516.248.5550
Fax: 516-248-6027

*Attorneys for Plaintiff*

/s/ Kristina A. Yost
Matthew W. Lampe
Kristina A. Yost
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@jonesday.com
kyost@jonesday.com

Tonya Braun (*admitted pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215
Mailing Address: P.O. Box 165017
Columbus, Ohio 43216-5017
Tel: 614.469.3939
Fax: 614.461.4198
tbraun@jonesday.com

*Attorneys for Defendant Verizon New York Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 3/23/15

Ronnie Abrams
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH C. BRANCATO on behalf of himself and all others similarly situated,

        PLAINTIFF,

v.

VERIZON NEW YORK, INC.,

        DEFENDANT.

Case No. 14-cv-03793 (RA)

ECF CASE

I, _Joseph Brancato_ the undersigned, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in this action, and that I have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated CONFIDENTIAL. I agree not to disclose any such matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such matter solely in connection with my participation in this case. I also agree to return any materials protected by the Order to counsel for the party that supplied me with such materials as soon as my participation in the case is concluded.

Dated: 3/18/15

_Joseph Brancato_
JOSEPH BRANCATO
Print Name

67 Cenbras Ave S.I. NY 10306
Print Address