USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOSEPH C. BRANCATO, *on behalf of himself*                  :
*and all others similarly situated,*                        :
                                                            :      **ORDER**
                                            Plaintiffs,      :
                                                            :      14-CV-3793 (RA) (JLC)
                                                            :
             -v-                                            :
                                                            :
VERIZON NEW YORK, INC.,                                     :
                                                            :
                                            Defendant.      :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Defendant Verizon New York, Inc. ("Verizon") has moved to compel the production of

an affidavit obtained by Plaintiffs' counsel from Wajeeha Aziz, a former Verizon Operations

Director. (Dkt. No. 69). Plaintiffs have opposed this request on the basis that the affidavit is

subject to the work product privilege. (Dkt. No. 70).

      Generally, "a party may not discover documents and tangible things that are prepared in

anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P.

26(b)(3)(A). However, this protection is not absolute, as such material must be produced if the

requesting party can show that it has a "substantial need" for the information and that its

"substantial equivalent" cannot be obtained by other means. *Id.*

      Here, the parties do not appear to contest that this information is privileged, nor could

they as courts have held similar affidavits to be protected by the work product privilege. *See,*

*e.g.*, *Collins v. City of New York*, No. 11-CV-766 (FB) (RML), 2012 WL 3871751, at *1

(E.D.N.Y. Sept. 6, 2012) ("This affidavit, like the other witness statements plaintiff's counsel

prepared in anticipation of litigation, falls within the work product protection of [Rule 26].");

*Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 60 (E.D.N.Y. 2012) ("Moreover, where an affidavit or declaration has been drafted with the assistance of counsel and executed by the affiant for possible use in conjunction with a motion, courts have held that such affidavits qualify for work product protection up until the time the affidavit or declaration is publicly filed in connection with the motion.").

However, Verizon contends that it has a substantial need for this affidavit in order to asses Aziz's credibility at her upcoming deposition. Dkt. No. 69 at 2. Verizon also argues that producing the affidavit will promote litigation efficiency because it will allow Verizon to address any discrepancies between Aziz's deposition testimony and her affidavit now, rather than having to reopen discovery to address any discrepancies that come to light upon the public filing of the affidavit in conjunction with a motion. *Id.*

The Court is unpersuaded by Verizon's argument. Any topics addressed in the affidavit can be adequately explored in Aziz's upcoming deposition, thus providing Verizon with a way of securing a substantial equivalent of the information contained in the affidavit. *See, e.g.*, *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97-CV-4978 (LMM) (HBP), 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002) ("A witness's availability for a deposition defeats a claim of substantial need for work product material because the party seeking discovery can ask the witness himself about the events in issue."); *Stokes v. City of New York*, No. CV2005-2007 (JFB) (MDG), 2006 WL 2064976, at *2 (E.D.N.Y. July 24, 2006) ("Since plaintiff has been given an opportunity to depose the witness, she cannot now demonstrate substantial need for an affidavit that was only recently prepared."). To the extent it comes to light in a subsequent filing that the affidavit differs from the deposition testimony, then Verizon may seek to reopen Aziz's deposition. However, this application would be for the limited purpose of exploring any such

2

discrepancies and would thus not be an overly burdensome or inefficient endeavor.

Additionally, it is uncertain at this time that reopening discovery would ever need to occur, as

Plaintiffs may never rely on Aziz's affidavit and, if they did, it may be entirely consistent with

her deposition.  The mere potential for minor inefficiency or inconsistency is insufficient to

overcome the privilege in these circumstances.

    The Clerk of Court is directed to close docket entry 69.

    **SO ORDERED.**

Dated: September 15, 2015
       New York, New York

                              JAMES L. COTT
                              United States Magistrate Judge